UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21352-CIV-UNGARO/SIMONTON
<u>CONSENT CASE</u>

**ANDRES VARGAS RODILLA, et al.,**

    Plaintiffs,

v.

**TFC-RB, LLC, et al.,**

    Defendants.

_____/

<u>**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**</u>

Presently pending before the Court is Plaintiffs' Motion for Sanctions (DE # 37). This motion is fully briefed (DE ## 42, 43) and this case is referred to the undersigned Magistrate Judge based upon the consent of the parties (DE # 39). This motion was addressed during a telephonic status and scheduling conference held before the undersigned Magistrate Judge on January 9, 2009. Following a careful review of the record, including the arguments of counsel during the status and scheduling conference, and for the reasons stated herein, Plaintiffs' motion is GRANTED.

    I.    <u>BACKGROUND</u>

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following facts that gave rise to the instant motion for sanctions are undisputed, unless otherwise noted.

On August 11, 2008, counsel for the parties agreed to schedule mediation in this case for December 2, 2008 at 10:00 a.m. Defendants' counsel was scheduled to leave on a family vacation on August 11, 2008 and neglected to record the mediation in his calendar or notify his clients. Thus, on December 2, 2008, neither Defendants nor their

counsel appeared at the mediation. After waiting for a half-hour after the scheduled start time, Plaintiffs' counsel telephoned Defendants' counsel, who explained that it would be unfeasible to begin trying to contact his clients and to attend the mediation on that day. Defendants' counsel apologized for the non-appearance and offered to pay the $600.00 mediator's fee (DE ## 37, 42).[1]

Plaintiff filed the instant motion, requesting that Defendant compensate him for 2.5 hours of attorneys' fees in connection with his travel time, preparation time and attendance at the mediation, in addition to the $600.00 mediator's fee that Defendant has agreed to pay (DE # 37).

## II.     ANALYSIS

The Local Rules for Southern District of Florida provide:

> Unless otherwise excused by the presiding Judge in writing, all parties, corporate representative, and any other required claims professionals (insurance adjusters, etc.), shall be present at the mediation conference with full authority to negotiate a settlement. . . .  The mediator shall report non-attendance and may recommend that the Court enter sanctions for non-attendance. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

S.D. Fla. L.R. 16.2(E). The parties agree that the Court has the discretionary authority to sanction Defendants for their failure to attend mediation.

At the outset, the undersigned emphasizes that there is no evidence that Defendants or their counsel deliberately failed to appear at mediation; rather, it is undisputed that it was the result of an unintentional error of Defendants' counsel to record the date of the mediation after scheduling it with Plaintiffs' counsel. Nevertheless, Plaintiffs should not be forced to bear the expense of Defendants'

---

[1] The Mediator's Report also reflects the fact that neither Defendants nor their counsel appeared at the mediation (DE # 33).

oversight – innocent as it was – and, thus, the undersigned concludes that is appropriate to award sanctions.

Based upon a review of the record, the undersigned concludes that a reasonable sanction in this case is $206.25, to compensate Plaintiffs' counsel for 1.5 hours of time, at a rate of $137.50 per hour.

The undersigned finds that it is reasonable to award Plaintiffs' counsel attorneys' fees for 1 hour of travel time to and from the mediation, as well as .5 hours of time in attendance at the mediation.

The undersigned finds that it is not appropriate to compensate Plaintiffs' counsel for the time spent preparing for the mediation, because the mediation will likely be rescheduled and, therefore, to include preparation time in the fee award would result in a windfall to Plaintiffs.

The undersigned also finds that a reasonable hourly rate for Plaintiffs' counsel is $137.50, and Plaintiff's counsel proffered at the status conference that other Courts in this District have recently approved that amount.  *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("A court . . . 'is itself an expert on the question of [reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'").  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions (DE # 37) is **GRANTED**.  Plaintiffs shall be awarded $206.25 in attorneys' fees as a sanction for

Defendants' non-appearance at the December 2, 2008 mediation conference, and the payment shall be due upon the conclusion of this case in the District Court.

**DONE AND ORDERED** in chambers in Miami, Florida on January 13, 2009.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record