UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21352-CIV-SIMONTON
<u>CONSENT CASE</u>

**ANDRES VARGAS RODILLA, et al.,**

    **Plaintiffs,**

v.

**TFC-RB, LLC, et al.,**

    **Defendants.**

_____/

<u>ORDER SETTING FAIRNESS HEARING ON PARTIES'
PROPOSED FINAL JUDGMENT</u>

THIS CAUSE came before the Court upon the Plaintiffs' Notice of Filing Consent to Entry of Final Judgment (DE # 104) and Notice of Filing Proposed Final Judgment (DE # 105). The Parties have consented to full disposition by the undersigned Magistrate Judge (DE # 36). The District Judge has entered an order referring this matter to the undersigned in accordance with the Parties' consent (DE # 39).

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA") (DE # 70). The Parties have filed documents indicating that they have resolved this matter and have agreed to the entry of a consent final judgment. However, in the Notice of Filing Proposed Final Judgment, the Plaintiff states that the Parties disagree about whether the Court should set forth a specific interest rate in the Final Judgment, or simply refer to the applicable "legal rate."

In addition, in the Proposed Final Judgment, the Parties have failed to specify the recovery amount to be paid to each Plaintiff by the Defendant, and further have failed to set forth the attorney fees to be paid by each Plaintiff to their Counsel from that recovery. Thus, the Court is unable to "scrutiniz[e] the settlement for fairness," and

determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," as required by the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Recently, in *Silva v. Miller*, 307 Fed. Appx. 349 **1 (11th Cir. Jan. 13, 2009), an unpublished opinion, the Eleventh Circuit affirmed a district court's determination that the court had a duty to examine an FLSA settlement for fairness, including the attorney fees to be paid by the plaintiff pursuant to a contingency agreement, notwithstanding the fact that the parties stipulated that the settlement amount represented full compensation to the plaintiff. In so doing, the reviewing court stated,

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

*Id.* at **2. This requirement applies with equal force to stipulated judgments. *Id*. Thus, in the instant case, the Court must determine before entering a final judgment, whether the amount to be paid by the Defendant to each individual Plaintiff and the attorney's fees to be deducted from that amount represent fair and reasonable compensation to the Plaintiffs for their claims under the FLSA.

Therefore, it is

**ORDERED** that a telephonic fairness hearing is set for Thursday, November 19, 2009, at 2:00 PM before Magistrate Judge Andrea M. Simonton. Plaintiff shall initiate the telephone call to chambers with opposing counsel on the line. If any party has a conflict regarding the date or time of the hearing, that party shall coordinate with the other parties to find proposed alternative available dates for the hearing. This can be

accomplished via a conference call to the chambers of the undersigned Magistrate Judge.  If the parties cannot agree, the party seeking to change the date shall file a motion with the Court.

      **DONE AND ORDERED** in chambers at Miami, Florida, on November 16th, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record
    via CM/ECF